## EX PARTE VÉLEZ.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 733.—Resuelto en diciembre 19, 1911.

EXPEDIENTES DE DOMINIO—PRUEBAS—DECLARACIONES JURADAS.—Es insuficiente para justificar el dominio la prueba consistente exclusivamente en declaraciones juradas, debiendo los testigos comparecer a declarar personalmente ante el tribunal.

ID.—PRUEBA ADICIONAL.—Denegada una solicitud promoviendo un expediente de dominio por consistir la prueba únicamente de declaraciones juradas, puede el tribunal a instancias del promovente permitirle que presente prueba adicional sin necesidad de que tenga que promover un nuevo expediente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un procedimiento entablado para que se apruebe un expediente de dominio de una finca compuesta de ciento noventa y dos cuerdas. El promovente, Ramón Vélez Alvarado, está domiciliado en New York. Toda la prueba sometida en el presente caso está en forma de declaraciones juradas presentadas juntamente con la solicitud. El Pueblo de Puerto Rico fué citado en la persona del Gobernador, y el Fiscal de la Corte de Distrito de Arecibo, habiendo sido notificado, compareció oponiéndose a lo solicitado. Los colindantes y los anteriores dueños de la finca objeto del expediente, aunque debidamente citados, no se opusieron a la información de dominio. También se citaron por medio de edictos las personas desconocidas que pudieran estar interesadas en el asunto. En la vista se presentaron las declaraciones juradas y se tomó en consideración la oposición del Fiscal en que se expresaba que no se había tramitado el expediente de conformidad con la ley. La corte entonces, de acuerdo con el artículo 395 de la Ley Hipotecaria y con la resolución de este tribunal del 17 de mayo de 1911, emitida en el caso de Meléndez, denegó la solicitud, con las costas a cargo del promovente.

Se dictó dicha resolución el día 7 de junio pasado.   El promovente presentó una moción para que se anulara esta resolución, siendo desestimada dicha moción el 22 del mismo mes. El 5 de julio el promovente apeló contra ambas resoluciones, elevando los autos a este tribunal el día 3 de agosto.   El apelante presentó un alegato escrito en este tribunal, pero ninguna de las partes informó oralmente, siendo el caso sometido para que se resolviera en vista de los alegatos.

En su alegato escrito el apelante cita como autoridades en apoyo de la apelación los siguentes: Artículos 390, 391, 393 y 395 de la Ley Hipotecaria, haciendo también referencia a las resoluciones de este tribunal, *Meléndez* v. *El Registrador de Guayama,* y *Porto Rican Leaf Tobacco Co.* v. *El Registrador de Caguas,* de 17 de mayo y 14 de febrero de 1911, respectivamente.

El fundamento de la resolución dictada por la Corte de Distrito de Arecibo, y contra la cual se ha interpuesto el presente recurso de apelación, es evidente, pues el juez sentenciador no estimó la prueba suficiente, habiendo consistido, como consistió, únicamente en declaraciones juradas inadmisibles, o que carecían, sin la presentación de prueba adicional, de la fuerza necesaria para servir de fundamento a un título de dominio.

El artículo 390 de la Ley Hipotecaria dice así:

"Artículo 390.—Para facilitar el cumplimiento del artículo anterior a los propietarios que carecieren de título escrito de dominio, cualquiera que sea la época en que hubiera tenido lugar la adquisición, se les concede la facultad de inscribir su derecho, justificando previamente su posesión ante el juez de primera instancia del lugar en que estén situados los bienes, con audiencia del Ministerio Fiscal y citación de los propietarios colindantes, si trataren de inscribir el dominio pleno de alguna finca, y con la del propietario o la de los demás partícipes en el dominio, si pretendieren inscribir un derecho real.

"Si los bienes estuvieren situados en pueblo o término donde no resida el juzgado de primera instancia del partido, podrá hacerse dicha información ante el juez municipal respectivo, con audiencia del representante Fiscal.

"La intervención del Ministerio Fiscal se limitará a procurar que se guarden en el expediente las formas de la ley."

Los artículos 391, 392 y 393 se refieren al anterior artículo, que es desde luego el 390, y encontramos que tratan no sólo de "la posesión," sino que también "del dominio pleno" y "algún otro derecho real." Por lo tanto, aunque se puede admitir que el artículo 393 de la Ley Hipotecaria tiene aplicación a informaciones de dominio, según se resolvió en el caso de la Porto Rican Leaf Tobacco Co., no podemos decir que no tenga referencia a cuestiones de "dominio pleno," pues ello sería imponer a ese artículo una restriccion que no está justificada, teniendo en cuenta el Título XIV de dicha ley considerada en su conjunto. No puede establecerse una línea definida en la ley entre la clase de prueba necesaria en expedientes posesorios y aquellos que envuelven el dominio pleno, generalmente llamados títulos de dominio. Pero apenas es razonable suponer que el legislador se propusiera hacer la prueba en este último caso menos estricta que en el primero. Si se requiere una prueba positiva por medio de declaraciones de testigos en corte abierta para establecer la posesión, es evidente que se requiriría una prueba a lo menos igual para establecer el dominio pleno.

Aunque en la Ley de Evidencia (artículo 123) se hace mención de declaraciones juradas como uno de los medios de tomar las deposiciones, no por eso se les da el mismo valor, para todos fines, que a las deposiciones y exámenes orales. Los casos en que puede hacerse uso de declaraciones orales están enumerados en los artículos 128 y 129 de dicha ley.

Este tribunal resolvió en un caso muy discutido y antes de ahora citado, *Meléndez* v. *El Registrador de la Propiedad de Guayama*, de 17 de mayo, 1911, que:

"No es necesario tratar de las disposiciones de la ley de evidencia porque entendemos que los artículos 390 y 391 de la ley hipotecaria resuelven la cuestión. Estos artículos nunca han sido derogados. Es la corte que ha de expedir la orden en la información posesoria, la que debe recibir las declaraciones de los testigos. Ninguna otra corte

tiene jurisdicción sobre la materia.   No es bastante con que se diga que la corte municipal no tiene taquígrafo.   El juez de esa corte puede no obstante escribir y archivar una exposición en la que manifieste que comparecieron ante él los testigos presentando prueba de los hechos de acuerdo con la ley.   Es otra garantía para la seguridad de los bienes el hacer que los testigos comparezcan ante el funcionario que es responsable de la expedición de la orden en una información posesoria.''

Es verdad que el párrafo 3 del artículo 395 de la Ley Hipotecaria exige que el juez ''oiga por escrito sobre las reclamaciones y pruebas que se hubiesen presentado,'' y después, ''calificando dichas pruebas con un criterio racional,'' declare justificado o nó el dominio de los bienes de que se trata.   Esta disposición no exige necesariamente ni permite que las pruebas consistan de *declaraciones juradas,* sino solamente que han de ser *por escrito,* cuya disposición se cumple haciendo uso de las deposiciones o declaraciones orales prestadas ante el juez y escritas por el taquígrafo, o el secretario o el juez mismo, y firmadas, cuando procediere, por los testigos.

El hecho, caso de existir, de que no se haga oposición a la solicitud no disminuye el cuidado que el tribunal deba ejercer, ni hace menos rigurosas las reglas que rigen la admisión de pruebas y que deben observarse en cuanto a las pruebas necesarias sobre las cuales se basa el dominio.   La misma vigilancia se exige del tribunal sentenciador en todos los casos, ya exista o no oposición.   Siendo las declaraciones juradas documentos *ex parte* redactados con frecuencia a la ligera y sin la debida madurez, apenas pueden tener la misma importancia como prueba que las deposiciones o exámenes orales de los testigos, en los cuales las preguntas y repreguntas, hechas en presencia de la corte o el funcionario autorizante de la deposición, pueden esclarecer ''la verdad, toda la verdad y nada más que la verdad,'' en relación con el asunto que se investiga.

Mas el tribunal sentenciador debió haber accedido a la

petición del promovente que trataba de someter más pruebas en apoyo de su solicitud, y haberle dado una oportunidad de llevar a su presencia las personas que habían firmado las declaraciones juradas, u otros testigos que pudieran declarar respecto a los hechos necesarios para establecer el dominio.

El objeto de este procedimiento es llegar a una conclusión justa en cuanto a los derechos del peticionario, y si el promovente realmente tiene derecho al dominio de la finca que reclama y lo justifica por medio de prueba competente, este hecho debió haber sido establecido por una orden judicial. No es necesario que inicie un nuevo procedimiento para alcanzar ese fin, cuando lo mismo puede conseguirse con menos gastos en el procedimiento ya iniciado.

Por las razones expuestas debe confirmarse la orden de la corte de distrito dictada el 7 de junio de 1911, y revocarse la orden del 22 de junio de 1911 en tanto cuanto niega al promovente el derecho de presentar prueba adicional para probar su reclamación. *Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.